IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Sam Triplett, | ) | |
| 121 St. Clair Drive | ) | |
| Fairview Heights IL, 62208 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No: 15-cv-414 |
| | ) | CLERK TO ISSUE SUMMONS |
| Walsh/Alberici Joint Venture, | ) | JURY TRIAL DEMANDED |
| | ) | |
| SERVE:  Walsh Construction | ) | |
|           929 West Adams St. | ) | |
|           Chicago, IL 60607 | ) | |
| | ) | |
|     Defendant. | ) | |

## **COMPLAINT**

### **COUNT I**
### **(Jones Act)**

COMES NOW, Plaintiff, Sam Triplett, by and through her attorneys, Wilkins Schneller Law, LLC and Muchnick & Haber, LC and for her, cause of action against the Defendant, Walsh/Alberici, a Joint-Venture, states as follows:

1. On or about May 20, 2014, Plaintiff was employed by the Defendant as a pile driver/carpenter on the Boone Bridge project, which was and is being constructed by said Defendant. At all times relevant herein, Plaintiff worked off a barge which was a vessel in navigation and was subject to the perils of the sea and which was generally moved by the Motor Vessel Gabriel J. Additionally, at all times relevant herein, the project was supported by work boats, towboats and a safety boat, which are and were vessels in

navigation. Plaintiff's afore-described employment was regular and continuous and in furtherance of the function of the vessel.

2. Plaintiff was at all times relevant, a resident and citizen of Fairview Heights, Illinois.

3. At all times herein mentioned, the Defendant was a fictitious Missouri Corporation which was and is a resident and citizen of the State of Illinois with an address of 929 West Adams, Chicago, Illinois 60607, which is and was organized and existing by virtue of law, which then or thereafter, assumed all liabilities of Plaintiff's employment, and now is in the business of constructing the Boone Bridge and operates towboats, work boats, safety boats and barges upon the inland waterways of the United States, including the Missouri River.

4. Plaintiff brings suit against the Defendant under the provisions of 46 U.S.C., Section 688 et seq., commonly called the Jones Act. This is a proper venue under the Jones Act and local rules and this Court has jurisdiction pursuant to 28 U.S.C. 1331.

5. Plaintiff, while in the performance of her duties, suffered injuries while stepping down from a crane mat and over hydraulic hoses.

6. Defendant, at said time and place, by and through its agents, servants, and employees, was negligent in that it failed to:

(a) Provide Plaintiff a reasonably safe place to work;

(b) Provide Plaintiff with a step down from the crane mat;

(c) Provide Plaintiff with adequate tools and equipment to perform her assigned duties; and

    (e)    Properly supervise the project.

7. As a direct and proximate result, in whole or in part of the aforesaid negligent acts and/or omissions of the Defendant, Plaintiff was injured in one or more of the following respects:

    (a)    Plaintiff was made sick, sore, lame, and disordered, and suffered extensive injuries or suffered an exacerbation of prior injuries to her back, among other things;

    (b)    Plaintiff has lost money from loss of wages in the past, and is reasonably certain to lose wages in the future;

    (c)    Plaintiff has suffered a loss of earning capacity;

    (d)    Plaintiff has had pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future;

    (e)    Plaintiff has become obligated for large sums of money for necessary medical care, treatment, and services in the past, and will be required to expend money for necessary medical care, treatment, and services in the future;

    (f)    Plaintiff has had disability in the past, and will continue to have disability in the future; and

    (g)    Plaintiff has sustained permanent disfigurement.

WHEREFORE, Plaintiff, Sam Triplett, prays for judgment in her favor and against the Defendant, Walsh/Alberici Joint-Venture, for an amount in excess of a jurisdictional amount, together with costs of suit, prejudgment interest, and such other and further relief as the Court may deem just and proper.

## COUNT II
**(Unseaworthiness)**

COMES NOW, Plaintiff, Sam Triplett, by and through his attorneys, Wilkins Schneller Law LLC and Muchnick & Haber, LC, and for her cause of action against the Defendant, Walsh/Alberici Joint-Venture, states as follows:

1. On or about May 20, 2014, Plaintiff was employed by the Defendant as a pile driver/carpenter on the Boone Bridge project, which was and is being constructed by said Defendant. At all times relevant herein, Plaintiff worked off a barge which was a vessel in navigation and was subject to the perils of the sea and which was generally moved by the Motor Vessel Gabriel J. Additionally, at all times relevant herein, the project was supported by work boats, towboats and a safety boat; which are and were vessels in navigation. Plaintiff's afore-described employment was regular and continuous and in furtherance of the function of the vessel.

2. That Plaintiff was at all times relevant, a resident and citizen of Fairview Heights, Illinois

3. At all times herein mentioned, the Defendant was a fictitious Missouri Corporation which was and is a resident and citizen of the State of Illinois with an address of 929 West Adams, Chicago, Illinois 60607, which is and was organized and existing by virtue of law, which then or thereafter, assumed all liabilities of Plaintiff's employment, and now is in the business of constructing the Boone Bridge and operates towboats, work boats, safety boats and barges upon the inland waterways of the United States, including the Missouri River.

4. Plaintiff brings suit against the Defendant under the provisions of 46 U.S.C., Section 688 et seq., commonly called the Jones Act.

5. Plaintiff, while in the performance of her duties, suffered injuries while stepping down from a crane mat and over hydraulic hoses.

6. Defendant's vessel and appurtenances were at that time, unseaworthy and not reasonably fit for its intended purpose.

7. As a direct and proximate result, in whole or in part of the aforesaid negligent acts and/or omissions of Defendant, Plaintiff was injured in one or more of the following respects:

(a) Plaintiff was made sick, sore, lame, and disordered, and suffered extensive injuries or suffered an exacerbation of prior injuries to her back, among other things;

(b) Plaintiff has lost money from loss of wages in the past, and is reasonably certain to lose wages in the future;

(c) Plaintiff has suffered a loss of earning capacity;

(d) Plaintiff has had pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future;

(e) Plaintiff has become obligated for large sums of money for necessary medical care, treatment, and services in the past, and will be required to expend money for necessary medical care, treatment, and services in the future;

(f) Plaintiff has had disability in the past, and will continue to have disability in the future; and

(g) Plaintiff has sustained permanent disfigurement.

WHEREFORE, Plaintiff, Sam Triplett, prays for judgment in her favor and against Defendant Walsh/Alberici, a Joint-Venture, a corporation, for an amount in excess of a jurisdictional amount, punitive damages, together with costs of suit, prejudgment interest, and such other and further relief as the Court may deem just and proper.

## COUNT III
**(Maintenance & Cure)**

COMES NOW, Plaintiff, Sam Triplett, by and through her attorneys, Wilkins Schneller Law LLC and Muchnick & Haber, LC, and for her cause of action against the Defendant, Walsh/Alberici Joint-Venture, states as follows:

1. On or about May 20, 2014, Plaintiff was employed by the Defendant as a pile driver/carpenter on the Boone Bridge project, which was and is being constructed by said Defendant. At all times relevant herein, Plaintiff worked off a barge which was a vessel in navigation and was subject to the perils of the sea and which was generally moved by the Motor Vessel Gabriel J. Additionally, at all times relevant herein, the project was supported by work boats, towboats and a safety boat; which are and were vessels in navigation. Plaintiff's afore-described employment was regular and continuous and in furtherance of the function of the vessel.

2. Plaintiff was at all times relevant, a resident and citizen of Fairview Heights, Illinois.

3. At all times herein mentioned, Defendant was a fictitious Missouri Corporation which was and is a resident and citizen of the State of Illinois with an address of 929 West Adams, Chicago, Illinois 60607, which is and was organized and existing by virtue of law, which then or thereafter, assumed all liabilities of Plaintiff's employment, and now is in the business of constructing the Boone Bridge and operates towboats, work boats, safety boats and barges upon the inland waterways of the United States, including the Missouri River.

4. Plaintiff brings suit against the Defendant under the provisions of 46 U.S.C., Section 688 et seq., commonly called the Jones Act.

5. Plaintiff, while in the performance of her duties, suffered injuries while stepping down from a crane mat and over hydraulic hoses.

6. That at all times herein mentioned, the M/V Gabriel J and all vessels, barges, and boats were in the possession and/or control of the Defendant.

7. That as a result of said injuries, the Plaintiff has incurred extensive medical expenses of treatment and other services.

8. Plaintiff has not yet reached a point of maximum cure, and further medical expense will be incurred in the future.

9. Defendant has failed to meet its duty under General Maritime Law to provide its employee, the Plaintiff, with full and adequate maintenance and cure for said injuries.

10. The Defendant's failure is in contravention of Plaintiff's established maritime rights.

WHEREFORE, Plaintiff, Sam Triplett, by her attorneys, Wilkins Schneller Law, LLC and Muchnick & Haber, LC, prays for judgment in her favor and against Defendant, Walsh/Alberici, a Joint-Venture, in an amount of not less than $40.00 per day, and to pay all reasonable medical expenses incurred in the diagnosis and treatment of her injuries, together with legal interest thereon from the judicial demand until paid, punitive damages, and for all costs of these proceedings, attorney fees and all general and equitable relief as the court deems just and proper.

        WILKINS SCHNELLER LAW LLC.


        By: /s/ Gerard B. Schneller
            Gerard B. Schneller, #6205863
            Kevin D. Wilkins #6305154
            1926 Chouteau Ave.
            St. Louis, MO 63103
            314-588-8000
            Fax: 844-272-6236


        MUCHNICK & HABER, LC


            Todd I. Muchnick, #6195264
            8151 Clayton Road, Suite 201
            St. Louis, MO 63117
            314-725-5050
            Fax: 314-726-2042

            Attorneys for Plaintiff